IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
[NORTHERN DIVISION]

MAUREEN HERGENREDER,

    Plaintiff,

vs.

BICKFORDD SENIOR LIVING GROUP, LLC,
D/B/A BICKFORD COTTAGE,

    Defendant.
_____/

File No. 09 _____-CV

HON:  THOMAS  L. LUDINGTON

HURLBURT, TSIROS & ALLWEIL P.C.
BY:  MANDEL I. ALLWEIL
Attorney for Plaintiff
821 South Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605-3237
(989) 790-3221
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff MAUREEN HERGENREDER by and through her attorneys, the Law Offices of HURLBURT, TSIROS,  & ALLWEIL, P.C., and shows onto this Court as follows:

### GENERAL ALLEGATIONS AND JURISDICTION

1.

The Plaintiff, Maureen Hergenreder, is a resident of the County of Bay, State of Michigan.

2.

That Defendant Bickford Senior Living Group, L.L.C. [hereinafter BSLG] is an entity that conducts business in Michigan under the name Bickford Cottage at 5275 Mackinaw Road, Saginaw, Michigan and is, upon information and belief, a Kansas Corporation with its principle offices at 13795 Murlen, Olathe, Kansas 66062 and has the

Corporation Company as its Resident Agent with the Registered Address at 30600 Telegraph Road STE 2345 Bingham Farms MI 48025.

3.

This Complaint involves, in part, an action to enforce civil rights that have been denied, and that said denial of civil rights arises out of the Plaintiff's employment relationship with Defendant pursuant to, The Americans with Disabilities Act 42 USC 12101 et. seq. [ADA] and the Michigan Persons with Disabilities Act MCLA 37.1101 et seq., [MPDA].

4.

This Court has jurisdiction pursuant to 28 USC 1331, as well as 42 USC 2000E-5 and 29 USC 2617(a)(2).

5.

That Defendant is an employer as that term is defined within all relevant legislation hereto including but not limited to the ADA, and the MPDA.

6.

That the Defendant employs more than 50 employees.

7.

The Plaintiff at all relevant times hereto was a person who had a disability as that term is defined within the relevant provisions of the ADA 42 USC 12102(2) as well as the Michigan Persons with Disabilities Act.

8.

Moreover, at all relevant times hereto the Plaintiff was a Qualified Individual with a Disability as that term is defined within the relevant sections of the ADA & MPDA.

9.

That at all relevant times hereto the Plaintiff had a serious health condition including an illness, physical condition or impairment that has required inpatient care in a

Hospital and/or continuing treatment of a serious health condition including but not limited Thyroid Cancer.

10.

That at all relevant times hereto, the Plaintiff had a condition or series of conditions that prohibited her from performing the essential functions of her position as a Registered Nurse Coordinator for the Defendant.

11.

That regarding all relevant claims brought pursuant to the ADA, the Plaintiff filed the appropriate complaint in a timely manner with the EEOC/Michigan Department of Civil Rights and was given a Right to Sue Letter that was mailed on May 29, 2009.

## BACKGROUND INFORMATION

12.

Plaintiff was hired on or about October 30, 2006 by the Defendant BSLG for the position of Registered Nurse Coordinator.

13.

That the Plaintiff, at all relevant times hereto was to work in the Defendant's new Saginaw facility which at all relevant times hereto had not yet opened.

14.

That during the course of the Plaintiff's employment with the Defendant she experienced some medical problems with her thyroid.

15.

That after the time the Plaintiff was hired she had a biopsy performed on her thyroid and found out in or around December 2006 that she had thyroid cancer.

16.

That Plaintiff advised Amy Reiher, the Director of Saginaw Bickford Cottage, that she would need to have her thyroid removed but also advised that she would continue to work up through December 11, 2006.

17.

When the Plaintiff advised Ms. Reiher that she would need surgery on her thyroid, Ms. Reiher assured her that it would not be a problem and her position would be held and that Plaintiff "had nothing to worry about".

18.

That no RN was needed as the facility that the Plaintiff was going to work at was not yet open.

19.

Plaintiff was admitted to St. Mary's Hospital on or about December 12, 2006 and had her thyroid removed.

20.

That Plaintiff was released from St. Mary's Hospital on December 14, 2006.

21.

That while in the Hospital Plaintiff's supervisor came and visited her, appeared shocked by the Plaintiff's appearance and told her that she did not look good, but to call her and tell her when she would be able to return to work.

22.

On or about December 27, 2006 the Plaintiff talked with her supervisor, Amy Reiher, and told her, for the first time, that she had thyroid cancer and also told her that she had been cleared by her physician to return to work and could come in tomorrow December 28, 2006.

23.

Amy responded that the Plaintiff should not come in the next day, because the facility was not open and she had not had to use the backup nurse, Brenda Badgero, and since she knew that the Plaintiff's kids were home, Ms. Reiher told the Plaintiff to just stay home.

24.

Plaintiff then called the corporate offices of the Defendant the following day in Kansas and talked to a person in Human Resources, and was advised to do whatever Amy told her to do.

25.

Plaintiff then called back her supervisor Amy the next day, and Ms. Reiher was very concerned that the Plaintiff had cancer and posed numerous questions.

26.

Plaintiff advised Amy that she did not believe that she would require any chemotherapy or radiation.

27.

Plaintiff was then called by her supervisor Amy on or about January 12, 2007 and advised that the company had made a decision to terminate the Plaintiff.

28.

As of January 12, 2007 the facility that the Plaintiff was scheduled to work at had still not opened for business.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

29.

Plaintiff re-alleges each prior paragraph as restated word for word and paragraph for paragraph.

30.

Later Plaintiff received a letter dated January 25, 2007 wherein it was explained that the reason that the Plaintiff was being terminated was due to her surgery and recuperation time.

31.

Plaintiff has performed all administrative prerequisites to filing a claim under the Americans with Disabilities Act (ADA), and specifically has made charges with the Michigan Department of Civil Rights/EEOC and received a Right to Sue Letter.

32.

That the Plaintiff is an individual that had a disability within the meaning of the ADA more specifically, the Plaintiff had a physical impairment, cancer, that previously substantially limited one or more of her major life activities and/or has a record of impairment, and is now regarded by the Defendant as having the impairment.

33.

That the Plaintiff is a qualified individual with a disability as that term is defined within the ADA and that the Plaintiff is an individual who, after little more than two weeks off of work, could have performed the essential functions of her job as a Registered Nurse Coordinator for the Defendant.

34.

That the Defendant terminated the Plaintiff, in significant part, because the Plaintiff had a Record of Disability that had substantially limited a major life activity.

35.

That in all respects the Defendant in terminating the Plaintiff, regarded/perceived the Plaintiff as disabled.

36.

That is, Defendant believed that the Plaintiff continued to have a physical impairment that substantially limited one or more major life activities.

37.

Defendant's termination of the Plaintiff, in part for exercising rights under the ADA and MPDA, is violative of provisions of respective Acts.

38.

Defendant acted with malice and reckless indifference to the Plaintiff's Federally protected rights pursuant to the ADA, as well as state rights under the MPDA.

39.

That as a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff's Termination, and the failure to rehire Plaintiff has suffered damages including but not limited to loss of physical well being, anxiety, stress and stress related symptoms, depression, and related loss of income, income opportunities, fringe benefits, pension benefits, humiliation, emotional distress, attorney fees and associated expenses.

WHEREFORE, Plaintiffs prays for such damages, including punitive damages, as may be deemed to be just and fair at the time of trial of this cause, including reasonable attorney fees, the damages in each instance to be in excess of Seventy Five Thousand ($75,000.00) Dollars.

                HURLBURT, TSIROS, & ALLWEIL, P.C.

                BY: /s/ Mandel I. Allweil
                 MANDEL I. ALLWEIL (P34115)
                 Attorneys for Plaintiff
                 821 S. Michigan Avenue
                 P.O. Box 3237
                 Saginaw, Michigan 48605
                 (989) 790-3221
                 htap@chartermi.net

Dated: August 25, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTEN DISTRICT OF MICHIGAN
[NORTHERN DIVISION]**

MAUREEN HERGENREDER,

    Plaintiff,                                              File No. 09 _____-CV

vs.                                                             Hon: Thomas L. Ludington

BICKFORDD SENIOR LIVING GROUP, LLC,
D/B/A BICKFORD COTTAGE,

    Defendant.
_____/

HURLBURT, TSIROS & ALLWEIL P.C.
BY: MANDEL I. ALLWEIL
Attorney for Plaintiff
821 South Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605-3237
(989) 790-3221
_____/

<u>**JURY DEMAND**</u>

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**

                                                  HURLBURT, TSIROS, & ALLWEIL, P.C.

Dated: August 25, 2009

                                                  BY: <u>/s/ Mandel I. Allweil</u>
                                                       MANDEL I. ALLWEIL (P34115)
                                                       Attorneys for Plaintiff
                                                       821 S. Michigan Avenue
                                                       P.O. Box 3237
                                                       Saginaw, Michigan 48605
                                                       (989) 790-3221